LAURA J. HEIN (pro hac vice)
NORMAN M. ABRAMSON (pro hac vice)
GRAY, PLANT, MOOTY, MOOTY & BENNETT
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-3796
Telephone:    (612) 632-3342
Facsimile:    (612) 632-4444

JEFFREY G. KNOWLES (SB# 129754)
JULIA D. GREER (SB# 200479)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone:    (415) 391-4800
Facsimile:    (415) 989-1663
ef-jgk@cpdb.com, ef-jdg@cpdb.com

Attorneys for Defendant and Counterclaimant

[Attorneys for Plaintiff and Counterdefendant listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE SAUL ZAENTZ COMPANY d.b.a. TOLKIEN ENTERPRISES,<br><br>                    Plaintiff,<br><br>        v.<br><br>WOZNIAK TRAVEL, INC.,<br><br>                    Defendant.<br>AND RELATED COUNTERCLAIM | No. C 06 5421 MHP<br><br>STIPULATED PROTECTIVE ORDER |

1.    <u>PURPOSES AND LIMITATIONS</u>.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective order.  The parties acknowledge that this Order does not

confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS.

2.1   Party:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.   Disclosure or Discovery Material:   all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:   information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items:   extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party:   a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   Designating Party:   a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or

1   "Highly Confidential – Attorneys' Eyes Only."

2        2.8   Protected Material:  any Disclosure or Discovery Material that is
3   designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

4        2.9   Outside Counsel:  attorneys who are not employees of a Party but
5   who are retained to represent or advise a Party in this action.

6        2.10  House Counsel:  attorneys who are employees of a Party.

7        2.11  Counsel (without qualifier):  Outside Counsel and House Counsel
8   (as well as their support staffs).

9        2.12  Expert:  a person with specialized knowledge or experience in a
10  matter pertinent to the litigation who has been retained by a Party or its counsel to serve
11  as an expert witness or as a consultant in this action and who is not a past or a current
12  employee of a Party or of a competitor of a Party's and who, at the time of retention, is
13  not anticipated to become an employee of a Party or a competitor of a Party's.  This
14  definition includes a professional jury or trial consultant retained in connection with this
15  litigation.

16       2.13  Professional Vendors:  persons or entities that provide litigation
17  support services (e.g., photocopying; videotaping; translating; preparing exhibits or
18  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and
19  their employees and subcontractors.

20       3.   SCOPE.

21       The protections conferred by this Stipulation and Order cover not only Protected
22  Materials (as defined above), but also any information copied or extracted therefrom, as
23  well as all copies, excerpts, summaries, or compilations thereof, plus testimony,
24  conversations, or presentations by parties or counsel to or in court or in other settings
25  that might reveal Protected Material.

26       4.   DURATION.

27       Even after the termination of this litigation, the confidentiality obligations
28  imposed by this Order shall remain in effect until a Designating Party agrees otherwise

in writing or a court order otherwise directs.

    5.    DESIGNATING PROTECTED MATERIAL.

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

    If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion of

1  portions of the material on a page qualifies for protection, the Producing Party also must

2  clearly identify the protected portion(s) (e.g., by making appropriate markings in the

3  margins) and must specify, for each portion, the level of protection being asserted (either

4  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

5          A Party or non-party that makes original documents or materials

6  available for inspection need not designate them for protection until after the inspecting

7  Party has indicated which material it would like copied and produced.  During the

8  inspection and before the designation, all of the material made available for inspection

9  shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY."  After

10  the inspecting Party has identified the documents it wants copied and produced, the

11  Producing Party must determine which documents, or portions thereof, qualify for

12  protection under this Order, then, before producing the specified documents, the

13  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that

15  contains Protected Material.  If only a portion or portions of the material on a page

16  qualifies for protection, the Producing Party also must clearly identify the protected

17  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

18  each portion, the level of protection being asserted (either "CONFIDENTIAL" or

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

20          (b)    for testimony given in deposition or in other pretrial or trial

21  proceedings, that the Party or non-party offering or sponsoring the testimony identify on

22  the record, before the close of the deposition, hearing, or other proceeding, all protected

23  testimony, and further specify any portions of the testimony that qualify as "HIGHLY

24  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify

25  separately each portion of testimony that is entitled to protection, and when it appears

26  that substantial portions of the testimony may qualify for protection, the Party or non-

27  party that sponsors, offers, or gives the testimony may invoke on the record (before the

28  deposition or proceeding is concluded) a right to have up to 20 days to identify the

1  specific portions of the testimony as to which protection is sought and to specify the
2  level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
3  – ATTORNEYS' EYES ONLY").   Only those portions of the testimony that are
4  appropriately designated for protection within the 20 days shall be covered by the
5  provisions of this Stipulated Protective Order.

6          Transcript pages containing Protected Material must be separately
7  bound by the court reporter, who must affix to the top of each such page the legend
8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"
9  as instructed by the Party or non-party offering or sponsoring the witness or presenting
10 the testimony.

11         (c)   <u>for information produced in some form other than
12 documentary, and for any other tangible items</u>, that the Producing Party affix in a
13 prominent place on the exterior of the container or containers in which the information
14 or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
15 ATTORNEYS' EYES ONLY."   If only portions of the information or item warrant
16 protection, the Producing Party, to the extent practicable, shall identify the protected
17 portions, specifying whether they qualify as "Confidential" or as "Highly Confidential –
18 Attorneys' Eyes Only."

19         5.3   <u>Inadvertent Failures to Designate</u>.   If timely corrected, an
20 inadvertent failure to designate qualified information or items as "Confidential" or
21 "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the
22 Designating Party's right to secure protection under this Order for such material.   If
23 material is appropriately designated as "Confidential" or "Highly Confidential –
24 Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on
25 timely notification of the designation, must take reasonable efforts to assure that the
26 material is treated in accordance with the provisions of this Order.

27        6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

28         6.1   <u>Timing of Challenges</u>.   Unless a prompt challenge to a Designating

Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communications are not sufficient) with counsel for the Designating Party.   In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL.

        7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

        (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order: that is attached hereto as Exhibit A;

        (b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (d)    the Court and its personnel;

        (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

1  "Agreement to Be Bound by Protective Order" (Exhibit A);

2          (f)    during their depositions, witnesses in the action to whom

3  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

4  Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to

5  depositions that reveal Protected Material must be separately bound by the court reporter

6  and may not be disclosed to anyone except as permitted under this Stipulated Protective

7  Order.

8          (g)    the author or original recipients of the document, or the

9  original source of the information.

10          7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'</u>

11  <u>EYES ONLY" Information or Items</u>.   Unless otherwise ordered by the court or

12  permitted in writing by the Designating Party, a Receiving Party may disclose any

13  information or item designed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14  ONLY" only to:

15          (a)    the Receiving Party's Outside Counsel of record in this

16  action, as well as employees of said Counsel to whom it is reasonably necessary to

17  disclose the information for this litigation and who have signed the "Agreement to Be

18  Bound by Protective Order" that is attached hereto as Exhibit A;

19          (b)    Experts (as defined in this Order) (1) to whom disclosure is

20  reasonably necessary for this litigation, (2) who have signed the "Agreement to Be

21  Bound by Protective Order" (Exhibit A);

22          (c)    the Court and its personnel;

23          (d)    court reporters, their staffs, and professional vendors to

24  whom disclosure is reasonably necessary for this litigation and who have signed the

25  "Agreement to Be Bound by Protective Order" (Exhibit A); and

26          (e)    the author or original recipients of the document, or the

27  original source of the information.

28

1        8.    <u>PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED</u>

2   <u>PRODUCED IN OTHER LITIGATION</u>.

3               If a Receiving Party is served with a subpoena or an order issued in other

4   litigation that would compel disclosure of any information or items designated in this

5   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6   ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if

7   possible) immediately and in no event more than three court days after receiving the

8   subpoena or order.  Such notification must include a copy of the subpoena or court

9   order.

10              The Receiving Party also must immediately inform in writing the Party

11  who caused the subpoena or order to issue in the other litigation that some or all the

12  material covered by the subpoena or order is the subject of this Protective Order.  In

13  addition, the Receiving Party must deliver a copy of this Stipulated Protective order

14  promptly to the Party in the other action that caused the subpoena or order to issue.

15              The purpose of imposing these duties is to alert the interested parties to the

16  existence of this Protective Order and to afford the Designating Party in this case an

17  opportunity to try to protect its confidentiality interests in the court from which the

18  subpoena or order issued.   The Designating Party shall bear the burdens and the

19  expenses of seeking protection in that court of its confidential material – and nothing in

20  these provisions should be construed as authorizing or encouraging a Receiving Party in

21  this action to disobey a lawful directive from another court.

22       9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

23              If a Receiving Party learns that, by inadvertence or otherwise, it has

24  disclosed Protected Material to any person or in any circumstance not authorized under

25  this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

26  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to

27  retrieve all copies of the Protected Material, (c) inform the person or persons to whom

28  unauthorized disclosures were made of all the terms of this Order, and (d) request such

1  person or persons to execute the "Acknowledgement and Agreement to Be Bound" that
2  is attached hereto as Exhibit A.

3      10.    FILING PROTECTED MATERIAL.

4          Without written permission from the Designating Party or a court order
5  secured after appropriate notice to all interested persons, a Party may not file in the
6  public record in this action any Protected Material.  A Party that seeks to file under seal
7  any Protected Material must comply with Civil Local Rule 79-5.

8      11.    FINAL DISPOSITION.

9          Unless otherwise ordered or agreed in writing by the Producing Party,
10  within sixty days after the final termination of this action, each Receiving Party must
11  return all Protected Material to the Producing Party.  As used in this subdivision, "all
12  Protected Material" includes all copies, abstracts, compilations, summaries or any other
13  form of reproducing or capturing of the Protected Material.  With permission in writing
14  from the Designating Party, the Receiving Party may destroy some or all of the
15  Protected Material instead of returning it.  Whether the Protected Material is returned or
16  destroyed, the Receiving Party must submit a written certification to the Producing Party
17  (and, if not the same person or entity, to the Designating Party) by the sixty day deadline
18  that identifies (by category, where appropriate) all the Protected Material that was
19  returned or destroyed and that affirms that the Receiving Party has not retained any
20  copies, abstracts, compilations, summaries or other forms of reproducing or capturing
21  any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to
22  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,
23  correspondence or attorney work product, even if such materials contain Protected
24  Material.  Any such archival copies that contain or constitute Protected Material remain
25  subject to this Protective Order as set forth in Section 4 (DURATION), above.

26      12.    MISCELLANEOUS.

27          12.1    Right to Further Relief.  Nothing in this Order abridges the right of
28  any person to seek its modification by the Court in the future.

1       12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

2    Protective Order no Party waives any right it otherwise would have to object to

3    disclosing or producing any information or item on any ground not addressed in this

4    Stipulated Protective order.  Similarly, no Party waives any right to object on any

5    ground to use in evidence of any of the material covered by this Protective Order.

6

7    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9    DATED:  March 8, 2007    MARTIN R. GLICK (No. 40187)
              Email: mglick@howardrice.com

10                 JEFFREY E. FAUCETTE (No. 193066)
              Email: jfaucette@howardrice.com

11                 SARAH J. GIVAN (No. 238301)
              Email: sgivan@howardrice.com

12                 HOWARD RICE NEMEROVSKI
                CANADY FALK & RABKIN

13                 A Professional Corporation
              Three Embarcadero Center, 7th Floor

14                 San Francisco, California  94111-4024
              Telephone:   415/434-1600

15                 Facsimile:   415/217-5910

16                   /s/ Martin R. Glick
              MARTIN R. GLICK

17                 Attorneys for Plaintiff and Counterdefendant
              THE SAUL ZAENTZ COMPANY d.b.a.

18                 TOLKIEN ENTERPRISES

19

20   DATED:  March 8, 2007    GRAY, PLANT, MOOTY, MOOTY &
              BENNETT, P.A.

21

22                   /s/ Laura J. Hein
              Laura J. Hein (pro hac vice)

23                 Norman M. Abramson (pro hac vice)

24                 and

25                 COBLENTZ, PATCH, DUFFY & BASS LLP

26                  /s/ Jeffrey G. Knowles

27                 Jeffrey G. Knowles (#129754)
              Attorneys for Defendant and Counterclaimant

28

1

PURSUANT TO STIPULATION, IT IS SO ORDERED.  SUBJECT TO SUPPLEMENTAL

2

 ORDER ATTACHED HERETO:

3

DATED: _3/8/2007_____

4

_____

The Honorable Marilyn Hall Patel

United States District/Magistrate

5

IT IS SO ORDERED

6

7

Judge Marilyn H. Patel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

C-06-5421 MHP

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of **The Saul Zaentz Company d.b.a Tolkien Enterprises v. Wozniak Travel, Inc.** I agree to comply with and to be bound by all the terms of this Stipulated Protective order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]