```
 1  MARTIN R. GLICK (No. 40187)
    Email: mglick@howardrice.com
 2  JEFFREY E. FAUCETTE (No. 193066)
    Email: jfaucette@howardrice.com
 3  BLAKE J. LAWIT (No. 211812)
    Email: blawit@howardrice.com
 4  SARAH J. GIVAN (No. 238301)
    Email: sgivan@howardrice.com
 5  REBECCA M. KAHAN (No. 244423)
    Email: rkahan@howardrice.com
 6  HOWARD RICE NEMEROVSKI CANADY
       FALK & RABKIN
 7  A Professional Corporation
    Three Embarcadero Center, 7th Floor
 8  San Francisco, California  94111-4024
    Telephone:   415/434-1600
 9  Facsimile:   415/217-5910

10  Attorneys for Plaintiff and Counterdefendant
    THE SAUL ZAENTZ COMPANY d.b.a.
11  TOLKIEN ENTERPRISES
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE SAUL ZAENTZ COMPANY d.b.a. TOLKIEN ENTERPRISES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WOZNIAK TRAVEL, INC.,<br><br>　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM. | No. C 06 5421 MHP<br><br>STIPULATION AND [PROPOSED] ORDER RE CASE SCHEDULING AND SUMMARY JUDGMENT MOTION SCHEDULING |

STIPULATION AND [PROPOSED] ORDER RE SCHEDULING

On February 7, 2007, the Court set a scheduling order and certain deadlines during a Case Management Conference ("Case Management Conference deadlines"). On July 3, 2007, the Court approved the parties' June 22, 2007 stipulation allowing a one month extension of the Case Management Conference deadlines, setting the following deadlines:

| | |
|---|---|
| Witness Disclosure: | July 27, 2007; |
| Fact Discovery Cut-off: | August 31, 2007; |
| Stipulation Re: Summary Judgment Scheduling: | September 10, 2007; |
| Case Management Conference (if no Stipulation filed): | September 10, 2007, 3:00 p.m.; |
| Initial Expert Designations: | September 14, 2007; |
| Initial Expert Reports: | October 12, 2007; |
| Rebuttal Expert Designations: | October 12, 2007; |
| Rebuttal Expert Reports: | November 12, 2007; |
| Expert Discovery Cut-off: | November 30, 2007. |

Since June 22, 2007, the parties have noticed further party and non-party depositions during the months of July and August, and have discussed and identified the remaining depositions they wish to take prior to preparing and arguing their dispositive motions (the "Depositions"). Each parties' planned depositions do not exceed the ten deposition limit established by the scheduling order: Plaintiff has taken or identified nine depositions it intends to take prior to the dispositive motions being heard and Defendant has taken or identified six depositions it intends to take prior to briefing dispositive motions. Scheduling logistics require that some of the Depositions take place in September, after the close of discovery, to which both parties agree. In agreeing to allow these depositions to extend into September, it is further agreed that no further written discovery will be propounded.

In addition, the parties' respective trial witness disclosures, which were served on July 27, 2007, each listed in excess of 40 potential witness. Plaintiff requested additional depositions beyond the ten depositions permitted by the scheduling order to depose Defendant's identified witnesses. Defendant declined the request, but proposed that the parties revisit their witness lists after the Court's rulings on the dispositive motions and

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

STIPULATION AND [PROPOSED] ORDER RE SCHEDULING
-1-

allow some limited additional depositions of persons identified the parties' witness lists.

The parties have also agreed to set Summary Judgment Motion Scheduling as follows:

| | |
|---|---|
| Summary Judgment Motions: | December 13, 2007; |
| Oppositions to Summary Judgment Motions: | January 17, 2008; |
| Reply Briefs: | February 12, 2008; |
| Hearing date: | On or after February 25, 2008 at 2:00 pm. |

The parties also request that the page limit for opening and opposition briefs be enlarged from 25 to 35 pages.

In light of the witness lists served on July 27, 2007, the parties have also agreed to the following schedule in an attempt to limit the cost of deposing potential witnesses prior to a determination by the Court on summary judgment which could dispose of the action or narrow the issues that the parties would need to try:

1. If this case continues after the Court rules on any dispositive motions, the parties will exchange revised trial witness lists no later than 14 days after service of the Court's order on any dispositive motions. Such revised witness lists shall attempt to narrow the number of witnesses and reflect each parties' good faith identification of those witnesses that the party fully expects to call at trial.

2. Within 7 days of the exchange of revised trial witness lists, the parties will meet and confer regarding the need to depose witnesses and/or subpoena documents from the witnesses or entities identified in the revised witness lists in order to take the depositions of and/or subpoena documents from one or more witnesses who have not been previously deposed.

3. Provided that either party wishes to take depositions of and/or subpoena documents from persons identified on the revised witness lists, the parties shall stipulate to permitting those depositions, subject to further agreement as to the number and length of such depositions and document subpoenas. The parties will meet and confer on how many days are necessary for such depositions, how many depositions may be noticed by either

STIPULATION AND [PROPOSED] ORDER RE SCHEDULING
-2-

party, how much time either party may spend taking these depositions, and the reasonableness of document requests served with any deposition subpoena.

4. To the extent the parties are unable to agree on the number of witness list depositions permitted, the time the parties may spend taking the witness list depositions, or the reasonableness of document requests served with any deposition subpoena, this issue will be presented to the Court for resolution.

5. In light of the need to take depositions in September, the parties also agree to extend the current expert witness deadlines as follows:

   a. Initial Expert Designations:      October 1, 2007;
   b. Rebuttal Expert Designations     November 5, 2007;
   c. Initial Expert Reports:          November 5, 2007;
   d. Rebuttal Expert Reports          December 7, 2007;
   e. Expert Discovery Period          45 days after the Court rules on any dispositive motions.

IT IS THEREFORE HEREBY STIPULATED, by and between the parties, by and through their respective attorneys of record, that:

1. The Fact Discovery Cut-off is extended to September 30, 2007 for the sole purpose of taking or completing depositions previously noticed or identified by the parties and to coordinate those depositions in a manner to best accommodate the schedules of the parties and witnesses. No further written discovery will be propounded by either of the parties in connection with this one month extension to complete previously identified depositions.

2. Summary Judgment Motion Scheduling is set as follows:

   Summary Judgment Motions:                      December 13, 2007;
   Oppositions to Summary Judgment Motions:       January 17, 2008;
   Reply Briefs:                                  February 12, 2008;
   Hearing date:                                  On or after February 25, 2008
                                                  at 2:00 pm.

STIPULATION AND [PROPOSED] ORDER RE SCHEDULING
-3-

The maximum length of the Opening Briefs and Briefs in Opposition to Summary Judgment is 35 pages. No other page limitations for Summary Judgment briefs have been amended.

3. If this case continues after the Court rules on any dispositive motions, the parties will exchange revised trial witness lists no later than 14 days after service of the Court's order on any dispositive motions. Such revised witness lists shall attempt to narrow the number of witnesses and reflect each parties' good faith identification of those witnesses that the party fully expects to call at trial.

4. Within 7 days of the exchange of revised trial witness lists, the parties will meet and confer regarding the need to depose witnesses and/or subpoena documents from the witnesses or entities identified in the revised witness lists in order to take the depositions of and/or subpoena documents from one or more witnesses who have not been previously deposed.

5. Provided that either party wishes to take depositions of and/or subpoena documents from persons identified on the revised witness lists, the parties shall stipulate to permitting those depositions, subject to further agreement as to the number and length of such depositions and document subpoenas. The parties will meet and confer on how many days are necessary for such depositions, how many depositions may be noticed by either party, how much time either party may spend taking these depositions, and the reasonableness of document requests served with any deposition subpoena. The parties intend that these additional depositions shall be completed within a 45 day period once agreement has been reached or, absent such agreement, once the Court has resolved any issues regarding the number and length of the depositions to be taken.

6. To the extent the parties are unable to agree on the number of witness list depositions permitted, the time the parties may spend taking the witness list depositions, or the reasonableness of document requests served with any deposition subpoena, this issue will be presented to the Court for resolution.

7. The expert witness deadlines are amended as follows:

STIPULATION AND [PROPOSED] ORDER RE SCHEDULING

-4-

| | | | |
|---|---|---|---|
| 1 | a. | Initial Expert Designations: | October 1, 2007; |
| 2 | b. | Rebuttal Expert Designations | November 5, 2007; |
| 3 | c. | Initial Expert Reports: | November 5, 2007; |
| 4 | d. | Rebuttal Expert Reports | December 7, 2007; |
| 5 | e. | Expert Discovery Period | 45 days after the Court rules on any dispositive |

motions.

DATED: August 22, 2007.

MARTIN R. GLICK
JEFFREY E. FAUCETTE
BLAKE J. LAWIT
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By: _____
         JEFFREY E. FAUCETTE

Attorneys for Plaintiff and Counterdefendant

THE SAUL ZAENTZ COMPANY d.b.a.
TOLKIEN ENTERPRISES

DATED: August __, 2007.

JEFFREY G. KNOWLES (SB# 129754)
JULIA D. GREER (SB# 200479)
COBLENTZ, PATCH, DUFFY & BASS LLP

LAURA J. HEIN (*pro hac vice*)
NORMAN M. ABRAMSON (*pro hac vice*)
GRAY, PLANT, MOOTY, MOOTY & BENNETT

By: _____
         NORMAN M. ABRAMSON

Attorneys for Defendant and Counter-Claimant
WOZNIAK TRAVEL, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: 8/23/2007           .        _____
                                    UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Marilyn H. Patel

STIPULATION AND [PROPOSED] ORDER RE SCHEDULING
-5-

7.  The expert witness deadlines are amended as follows:

a.  Initial Expert Designations:          October 1, 2007;
b.  Rebuttal Expert Designations         November 5, 2007;
c.  Initial Expert Reports:               November 5, 2007;
d.  Rebuttal Expert Reports               December 7, 2007;
e.  Expert Discovery Period               45 days after the Court rules on any dispositive motions.

DATED: August __, 2007.

MARTIN R. GLICK
JEFFREY E. FAUCETTE
BLAKE J. LAWIT
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By: _____
        JEFFREY E. FAUCETTE

Attorneys for Plaintiff and Counterdefendant
THE SAUL ZAENTZ COMPANY d.b.a.
TOLKIEN ENTERPRISES

DATED: August 21, 2007.

JEFFREY G. KNOWLES (SB# 129754)
JULIA D. GREER (SB# 200479)
COBLENTZ, PATCH, DUFFY & BASS LLP

LAURA J. HEIN (*pro hac vice*)
NORMAN M. ABRAMSON (*pro hac vice*)
GRAY, PLANT, MOOTY, MOOTY & BENNETT

By: _____
        NORMAN M. ABRAMSON

Attorneys for Defendant and Counter-Claimant
WOZNIAK TRAVEL, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____.      _____
                                    UNITED STATES DISTRICT COURT JUDGE